| | | |
|---|---|---|
| FAROULH DORLETTE, | : | |
|     *Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:16-cv-1882 (VAB) |
| | : | |
| LIEUTENANT JOHN IOZIA, | : | |
|     Defendant. | : | |

## RULING AND ORDER ON PENDING MOTIONS

On November 14, 2016, Faroulh Dorlette ("Plaintiff") sued Lieutenant John Iozia, Nurse Jeff Doe 1, and Nurse Donna Doe 2 for violating his civil rights by placing him on in-cell restraints status for twenty-four hours on June 23, 2016.[1] *See* Complaint, dated Nov. 14, 2016, ECF No. 1. Mr. Dorlette is currently incarcerated at the MacDougall –Walker Correctional Institution in Suffield, Connecticut. *See* Notice of Change of Address, filed June 21, 2018, ECF No. 35.

On May 9, 2017, the Court dismissed all of Mr. Dorlette's official capacity claims against Defendants, as well as his Fourteenth Amendment due process claim asserted against the Defendants in their individual capacities, but found that the Eighth Amendment claims for deliberate indifference to health and safety, unconstitutional conditions of confinement and excessive force could proceed against the defendants in their individual capacities, and that the claim of conspiracy to violate Mr. Dorlette's constitutional rights could proceed against Lieutenant Iozia and Nurse Jeff Doe 1 in their individual capacities. *See* Initial Review Order, dated May 9, 2017, ECF No. 16, at 7.

On December 21, 2017, the Court dismissed all claims against Nurse Jeff Doe 1 and Nurse Donna Doe 2 for failure to effect timely service under Federal Rule of Civil Procedure

---

[1] Mr. Dorlette is proceeding *pro se*. On March 28, 2017, Magistrate Judge Garfinkel granted Mr. Dorlette leave to proceed *in forma pauperis*. Order, dated Mar. 28, 2017, ECF No. 15.

4(m). *See* Order, dated Dec. 21, 2017, ECF No. 23. Thus, the only remaining claims before the Court are Mr. Dorlette's Eighth Amendment claims against Lieutenant John Iozia ("Defendant" or "Lt. Iozia") in his individual capacity.

Mr. Dorlette has several motions pending before the Court: a motion for order and notice, a motion to preserve documentation, a motion for sanctions and/or contempt, and a motion for reconsideration. *See* Motion for Order & Notice, dated June 18, 2018 ("Mailing Mot."), ECF No. 34; Motion for Order to Preserve Documentation, dated June 20, 2018 ("Preservation Mot."), ECF No. 31; Motions for Contempt, Sanctions, and Reconsideration, dated July 6, 2018 ("Combined Mots."), ECF No. 36.

For the reasons set forth below, all of these motions are **DENIED**.

**I.    Motion for Order and Notice**

On June 18, 2018, Mr. Dorlette moved for an order directing the Clerk of the Court to mail copies of any orders, rulings, documents or other filings to him at a prison facility in Ohio. Because Mr. Dorlette has been transferred back to a Connecticut facility, *see* Notice of Change of Address, filed June 21, 2018, ECF No. 35, Mr. Dorlette's motion is denied as moot.

**II.   Motion for Order to Preserve Documentation**

Mr. Dorlette claims that a "hand-held audio/video camera" recorded his placement on in-cell restraints status. *See* Preservation Mot. He asserts that this videotape as well as incident and medical records relating to his placement on in-cell restraints are vital to this case, and therefore moves for an order directing Defendant to preserve the videotape and reports. *Id.*

Mr. Dorlette does not indicate that these documents are in danger of being destroyed, nor does he indicate that he has attempted to submit a request to Defendant or counsel for the defendants to preserve the videotape and reports. Accordingly, Mr. Dorlette's motion is denied

2

without prejudice for lack of good cause shown.

## III. Motion for Sanctions and/or Contempt

Mr. Dorlette moves for sanctions and/or a finding of contempt Lt. Iozia, under Federal Rule of Civil Procedure 70(e), which provides for enforcement of a judgment for a specific act. FED. R. CIV. P. 70(e). This rule, however, is not applicable to Mr. Dorlette's motion because the Court has not entered any judgment requiring Lt. Iozia to perform a specific act.

Because this Circuit, however, requires that the Court read pro se filings liberally to raise the strongest argument they suggest, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (collecting cases), the Court construes Mr. Dorlette's motion as a request that the Court sanction Lt. Iozia for his excessive delays in defending this action, including his failure to file a timely answer consistent with the Court's most recent Answer deadline of May 4, 2018.

Mr. Dorlette, in essence, asks that the Court find that Lt. Iozia failed to plead or otherwise defend and, therefore, to enter Lt. Iozia's default under Federal Rule of Civil Procedure 55(a). *See* FED. R. CIV. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011) (collecting cases and noting that Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'"); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (affirming district court holding that defendant's failing to appear for deposition, dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial were sufficient to support a finding that defendant failed to otherwise defend).

The Court disagrees, however, that Lt. Iozia's conduct constitutes a failure to defend that

3

warrants an entry of default. Indeed, only days after Mr. Dorlette filed this motion, Lt. Iozia filed an Answer. *See* Def.'s Answer, dated July 10, 2018, ECF No. 37. While Lt. Iozia did not properly seek an extension of time before or following that filing, he cannot be said to have failed to otherwise defend, even under the broad understanding adopted by the Second Circuit. Mr. Dorlette's motion for sanctions and/or contempt therefore is denied.

**IV.    Motion for Reconsideration**

Mr. Dorlette also moves for the Court to reconsider its order setting aside the previous entry of default. *See* Combined Mots.; Order, dated April 7, 2018, ECF No. 29.

Under Local Civil Rule 7(c)(1), a motion for reconsideration "shall be filed and served within (7) days of the filing of the decision or order from which relief is sought." D. Conn. L. Civ. R. 7(c)(1). Thus, to the extent that Mr. Dorlette seeks reconsideration of the order granting the motion to set aside the entry of default for failure to plead, the request is untimely and is denied.[2]

**V.    Conclusion**

The motion for an order and notice is **DENIED** as moot. The motion for an order preserving documentation is **DENIED** without prejudice for lack of good cause shown. The motion for sanctions and/or contempt is **DENIED**. Finally, the motion for reconsideration is **DENIED**.

To resolve this case expeditiously, the Court hereby enters the following schedule:

- Discovery shall be completed by **March 1, 2019**.

- The Court will convene a post-discovery telephonic status conference on **March 7, 2019 at 11:00 a.m.** to determine if the parties wish to be referred to a

---

[2] While this motion could also arguably be construed liberally as a motion for a new entry of default, the Court declines to do so as Mr. Dorlette's motion for sanctions and/or contempt, which was so construed, has already been denied for the reasons stated above.

Magistrate Judge to discuss settlement. Once all counsel and Mr. Dorlette are on the line, please call Chambers at (203) 579-5562.

- Dispositive motions shall be filed by **May 3, 2019**, with responses to be filed by **June 7, 2019**, and any reply to be filed by **June 28, 2019.**

- Joint trial memorandum due by **September 6, 2019**.

- Jury selection and trial scheduled for **October 7, 2019** in Courtroom Two, United States Courthouse, Brien McMahon Federal Building, 915 Lafayette Boulevard, Bridgeport, Connecticut.

**SO ORDERED** at Bridgeport, Connecticut, this 23rd day of October, 2018.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge